IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY FLETCHER           :
                           :          CIVIL ACTION
       v.                  :
                           :          NO. 10-3188
JEFFREY BEARD, ET AL.      :          **(CAPITAL CASE)**

<u>MEMORANDUM</u>

**SURRICK, J.**                                                   **MAY  16 , 2016**

Presently before the Court is Petitioner's Motion for Leave to Amend Petition for Writ of Habeas Corpus (Pet'r's Leave Am. Mot., ECF No. 18) and Motion to Remove Counsel and Proceed Pro Se Due to Continued Conflict of Interest and Rules of Professional Conduct Violations (Pet'r's pro se Mot., ECF No. 22). For the following reasons, Petitioner will be granted leave to amend his petition for writ of habeas corpus, and his Motion to Remove Counsel and Proceed Pro Se will be denied.

**I.     BACKGROUND**

In 1993, Petitioner was convicted of first degree murder and possession of an instrument of crime. (Habeas Corpus Pet. ¶ 1, ECF No. 8.) He was subsequently sentenced to death. (*Id.*) At trial Petitioner was represented by Stephen P. Patrizio, Esq. (*Id.*) For post-verdict motions, he was represented by Willis Berry, Esq. (*Id.* at ¶ 2.) On direct appeal, Petitioner was represented by John Cotter, Esq. (*Id.* at ¶ 3.) The Pennsylvania Supreme Court affirmed his conviction. (*Id.*)

Petitioner sought post-conviction relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"). (*Id.* at ¶ 4.) During the first stages of his PCRA litigation, Petitioner was represented by Joseph C. Crawford, Esq., Jarett B. Decker, Esq., and Lindsey Pockers, Esq. of the law firm

Wolf, Block, Schorr & Solis-Cohen. (*Id.*) On February 6, 2004, Petitioner was granted a new trial with a finding that his trial counsel had been ineffective for failing to present "compelling exculpatory testimony." (*Id.* at ¶ 5.) This ruling was overturned on appeal, and the case was remanded for findings on Petitioner's remaining claims. (*Id.* ¶ 6.)

On remand, Petitioner was represented by Kathleen E. Martin, Esq. His PCRA petition was dismissed. (*Id.* at ¶ 7.) The Pennsylvania Supreme Court affirmed the dismissal on December 28, 2009. (*Id.* at ¶ 8.) On June 25, 2010, then-Governor Edward G. Rendell issued a death warrant, scheduling Petitioner's execution for August 18, 2010. (*Id.* at ¶ 9.) A stay of execution was entered on July 9, 2010. Matthew C. Lawry, Esq. of the Federal Community Defender's Office ("FCDO") and Teri B. Himebaugh, Esq. were appointed as Petitioner's counsel. (Appointment and Stay Order, ECF No. 3.)

On October 12, 2010, this case was reassigned from the calendar of the Hon. Judge Legrome D. Davis to this Court. (Reassignment Order, ECF No. 6.) On November 9, 2010, Petitioner filed the pending habeas petition, seeking relief from his conviction and death sentence under 28 U.S.C. § 2254. (ECF No. 8.) Attached to the habeas petition was a second PCRA petition that had been filed, pro se, by Petitioner in state court. (ECF Nos. 8-2, 8-3.).

On December 27, 2010, Mr. Lawry and Ms. Himebaugh entered an appearance in state court on behalf of Petitioner. (Pet'r's Leave Am. Mot. ¶ 4.) On January 10, 2011, counsel wrote to the Court, requesting a stay of the filing and briefing schedule pending a decision in the state court litigation involving the second PCRA petition. (Tolling Letter, ECF No. 9.) On January 11, 2011, an Order was entered staying federal court proceedings and requiring counsel to file periodic status reports with respect to the state court litigation. (ECF No. 10.) The Philadelphia

Court of Common Pleas dismissed the PCRA petition.  On June 18, 2012, the Supreme Court of Pennsylvania affirmed the lower court's ruling.  (Pet'r's Leave Am. Mot. ¶¶ 6, 7.)

On November 19, 2012, Petitioner filed the instant Motion for Leave to Amend Petition for Writ of Habeas Corpus.  (ECF No. 18.)  Attached to the Motion was Petitioner's counsel's Proposed Amendments to Petition for Writ of Habeas Corpus.  (ECF No. 18-2.)  In addition to their proposed amendments, Petitioner's counsel attached Petitioner's pro se pleadings.  (*See* ECF Nos. 18-3, 18-4.)

On June 20, 2013, the Commonwealth filed a Response to Petitioner's Motion to Amend Petition.  (Commw.'s Resp., ECF No. 20.)  The Commonwealth does not oppose Petitioner's Motion.  However, the Commonwealth argues that all of Petitioner's meritorious claims must be incorporated into his Amended Petition, and any claims that Petitioner's counsel deems meritless cannot be included in a separate pro se filing.  (*Id.* at 3.)

On September 16, 2013, Petitioner filed the instant Motion to Remove Counsel and Proceed pro se*.*  In support of this Motion, he submitted a Letter in Application (ECF No. 24) and a Certificate of Good Faith (ECF No. 25).

## II.  DISCUSSION

### A.  Leave to Amend

Rule 15 of the Federal Rules of Civil Procedure provides the standard governing a habeas petitioner's motion for leave to amend the petition.  *See Riley v. Taylor*, 62 F.3d 86, 89-90 (3d Cir. 1995); *see also* 28 U.S.C. § 2242 (providing that a habeas application "may be amended or supplemented as provided in the rules of procedure applicable to civil actions").  "Leave to amend under Rule 15(a) should be 'freely given when justice so requires.'"  *Bivings v. Wakefield*, 316 F. App'x 177, 180 (3d Cir. 2009) (quoting Fed. R. Civ. P. 15(a)).  Except in

3

situations involving "undue delay," "bad faith," "undue prejudice to the opposition," "repeated failures to correct deficiencies," or "futility," justice generally requires that leave to amend be granted. *Riley*, 62 F.3d at 90. This is particularly true in a capital case. *Moore v. Balkcom*, 716 F.2d 1511, 1526 (11th Cir. 1983).

The Commonwealth does not oppose Petitioner's Motion to present new issues that were previously pending in state court. (Commw.'s Resp. 3.) There are no allegations of undue delay or bad faith warranting an analysis of Petitioner's motives in seeking amendment to his petition. Therefore, leave to amend will be granted.

The Commonwealth does argue, however, that all of Petitioner's new claims must be incorporated into his amended petition, and any claims that Petitioner's counsel deems meritless cannot be included in a separate or attached pro se filing. (*Id.*) To support this contention, the Commonwealth cites cases purportedly standing for the proposition that Petitioner has no right to "hybrid representation." (*Id.* at 2-3.) In addition, the Commonwealth cites *United States v. Turner*, 677 F.3d 570 (3d Cir. 2012), which it argues provides a bright line rule that would prohibit this Court from allowing Petitioner to file a pro se brief if he continues to be represented by counsel. (*See* Commonwealth's Resp. 2-3 ("'Except in cases governed by *Anders*, parties represented by counsel may not file pro se briefs. When such briefs are filed nonetheless, the Clerk will refer them to the putative pro se litigant's counsel. At that point, counsel may (1) include the client's pro se arguments in their own briefs or (2) in the appropriate and unusual case, seek leave to file a separate, supplemental brief drafted by counsel that advances arguments raised by the client. Of course, such briefs should make only those arguments counsel believe, consistent with their ethical duty, to be meritorious.'" (quoting *Turner*, 677 F.3d at 579)).)

The Commonwealth correctly states that Petitioner has no right to hybrid representation—that is, to make arguments and file motions both through himself and through counsel. *See, e.g., McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) (holding that a judge is not required "to permit 'hybrid' representation"); *Turner*, 677 F.3d at 578 ("Pro se litigants have no right to 'hybrid representation' because 'a defendant does not have a constitutional right to choreograph special appearances by counsel.'" (quoting *McKaskle*, 465 U.S. at 183)); *United States v. D'Amario*, 328 F. App'x 763, 764 (3d Cir. 2009) ("[A] district court is not obligated to consider pro se motions by represented litigants."). However, the Commonwealth has failed to demonstrate that we are prohibited from considering Petitioner's pro se claims. In *Turner*, the Third Circuit refused to consider the appellant's pro se filings because the Local Appellate Rules clearly stated that "parties represented by counsel may not file a brief pro se." 677 F.3d at 578 (quoting 3d Cir. L.A.R. 31.3). The Local Civil Rules in this District do not contain such a prohibition. To the contrary, the Third Circuit has held that it is within a District Court's discretion whether or not to accept pro se filings by a defendant represented by counsel. *United States v. D'Amario*, 268 F. App'x 179, 180 (3d Cir. 2008); *United States v. Vampire Nation*, 451 F.3d 189, 206 n.17 (3d Cir. 2006).

In this case the Commonwealth is seeking to impose a sentence of death on Petitioner. Under these unique circumstances, we will take every measure available to ensure that Petitioner receives a full and complete review of his case. We are satisfied that justice demands that we consider Petitioner's supplemental pro se filings.

### B.     Proceeding Pro Se

In his Motion to Remove Counsel and Proceed Pro Se, Petitioner argues that he should be allowed to proceed without counsel because there is an "irreconcilable conflict and difference of

5

opinion on the manner in which [his] case should be litigated." (Pet'r's pro se Mot. ¶ 3.) He contends that the FCDO is refusing to present impeachment evidence on his behalf and because counsel working on his current habeas corpus matter was ineffective in assisting him in his PCRA appeal, there is a direct conflict of interest. He contends that he is being "obstructed" by the FCDO in asserting his claims. (Letter in Application; *see also* Certificate of Good Faith ¶ 1.)

"In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys . . . ." 18 U.S.C. § 3599(a)(1)(B)(2). Although the federal statute guarantees Petitioner a right to counsel, it makes no mention of Petitioner's right to self-representation in habeas corpus proceedings. Moreover, the United States Constitution does not bestow upon Petitioner a right to self-representation. *See Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 163 (2000) (holding that states need not "recognize a constitutional right to self-representation on direct appeal from a criminal conviction"); *see also In re Barnett*, 73 P.3d 1106, 1112-13 (Cal. 2003) ("[I]t is logical to conclude that if there is no federal constitutional right to self-representation in a state appeal as of right . . . then there is no such constitutional right in [] collateral proceedings.") (citation omitted). Therefore, it is entirely within the Court's discretion whether Petitioner should be allowed to remove counsel and proceed pro se in this habeas corpus matter. *See Wiseman v. Beard*, 629 F. Supp. 2d 488, 490 (E.D. Pa. 2009) ("[A defendant] does not have a constitutional right to self-representation in his habeas corpus petition, but this Court has discretion to allow him to proceed pro se or to insist that he accept representation.").

Here, we have not been presented with any evidence suggesting that counsel is refusing to assert Petitioner's claims to protect their own interests. Counsel from the FCDO was not appointed until Petitioner's initial PCRA claims had been dismissed. Counsels' only representation of Petitioner in state court proceedings was in presenting his second PCRA filing, which had been filed pro se. In the second PCRA petition, Petitioner was able to present his own arguments, evidence, and legal conclusions. Moreover, Petitioner's own filings in this Court suggest that FCDO counsel are making efforts to explain the relevant law to Petitioner and to keep him abreast of why certain arguments can or cannot be raised in the present habeas petition. (*See* Lawry Letter, Certificate of Good Faith Ex. A.) By allowing Petitioner to include pro se filings in his Amended Petition, we will be able to consider all of Petitioner's arguments in deciding whether Petitioner's conviction and sentence of death should stand. Under the circumstances, Petitioner will be allowed to enjoy any perceived benefits of self-representation.

Although Petitioner seeks to proceed pro se, the language of his Motion and other subsequent documents filed with this Court suggest that he would also like to be appointed new counsel. (*See* Pet'r's pro se Mot. ¶ 8 ("This court may in the interest of justice substitute one appointed counsel for another at any stage."); Certificate of Good Faith ¶ 4 ("[Petitioner] further believes that if this court of appeal hear his Meritorious claims, the court would appoint federal counsel to represent him on his new claims under Martinez and Trevino.").) Petitioner's requests here are not the kind of clear and unequivocal assertion that convinces this Court that he really wishes to proceed without legal counsel. *See, e.g.*, *United States v. Peppers*, 302 F.3d 120, 129 (3d Cir. 2002) ("[S]ince a person cannot secure the right to proceed *pro se* without sacrificing the right to counsel, we have required defendants to assert the right to proceed *pro se* affirmatively and unequivocally."); *Buhl v. Cooksey*, 233 F.3d 783, 792 (3d Cir. 2000) ("[T]he law simply

requires an affirmative, unequivocal, request" to proceed pro se.") (citation omitted). Moreover, a review of the record reveals that present counsel are more than adequately representing Petitioner's interests. The original Petition for Writ of Habeas Corpus by a Prisoner in State Custody (ECF No. 8) is detailed and comprehensive. We expect that the amended petition will be the same.

### III. CONCLUSION

For the foregoing reasons and consistent with this Memorandum, Petitioner is granted leave to amend his petition for writ of habeas corpus. The request for the appointment of new counsel is denied.

An appropriate Order will follow.

                                                   **BY THE COURT:**

                                                   _____
                                                   **R. BARCLAY SURRICK, J.**